IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

WILLIE FRANK WRIGHT, JR,  :
                                            :
           Petitioner,  :
                                            :    CASE NO. 5:13-CV-0209-MTT-MSH
             VS.  :           28 U.S.C. § 2254
                                            :
GREGORY McLAUGHLIN,[1] Warden,  :
                                            :
         Respondent.  :
_____:

## REPORT AND RECOMMENDATION

Presently pending before the Court is Respondent's motion to dismiss Petitioner's application for writ of habeas corpus as premature or, alternatively, for lack of exhaustion. (ECF No. 30.) Also pending are a number of miscellaneous motions filed by Petitioner. (ECF Nos. 10, 11, 12, 24, 26, 27, & 48.) For the reasons explained below, it is recommended that Respondent's motion be granted and Petitioner's motions be denied as moot.

## BACKGROUND

On August 6, 2010, a Baldwin County jury found Petitioner guilty of aggravated assault and family violence battery in the Superior Court of Baldwin County. (Resp't's Mot. to Dismiss Pet. as Premature and/or for Lack of Exhaustion Ex. 1 at 5, ECF No. 31-

---

[1]     Warden Gregory McLaughlin has been substituted for J. Darrell Hart as the proper party respondent pursuant to the Court's text-only Order entered February 11, 2014. Hart was substituted for Jason Medlin as the party respondent per the text only Order entered September 10, 2013. McLaughlin is the Warden at Macon State Prison, Petitioner's current place of confinement, and therefore the proper party respondent under Rule 2(c) of the Rules Governing § 2254 Cases.

1.)[2]  He was sentenced to twenty years in confinement for the aggravated assault and twelve months (served concurrently) for family violence battery.  (*Id.*)  Petitioner filed a timely motion for new trial after his conviction on August 10, 2010.  (Resp't's Ex. 1 at 7.)   According to Petitioner, and undisputed by Respondent, the motion remains unresolved in the trial court.  (Resp't's Br. in Supp. of Mot. to Dismiss Pet. as Premature and/or for Lack of Exhaustion 2, ECF No. 30-1.)[3]

Petitioner filed this federal petition for habeas corpus relief on June 13, 2013, asserting numerous grounds for error in his state prosecution and conviction.  Respondent filed the present motion to dismiss, arguing that the Petition should be dismissed for Petitioner's failure to exhaust state remedies before filing this federal Petition as required by 28 U.S.C. § 2254(b)(1).[4]  Petitioner states that the Petition should not be dismissed because he should be excused from the exhaustion requirement due to the "excessive" delay in ruling on his motion for new trial.

## DISCUSSION

### I.    Motion to Dismiss

Respondent contends that Petitioner's application for habeas relief should be dismissed because he has failed to exhaust his available state remedies.  (Resp't's Br. 3.) Specifically, Respondent shows the Court that Petitioner currently has a pending motion for new trial at the trial court level, and that other state remedies remain available if that

---

[2]      Hereinafter "Resp't's Ex. 1."
[3]      Hereinafter "Resp't's Br."
[4]      Respondent also argues that the petition is premature because Petitioner's conviction is not yet "final" under state law.  The Court does not distinguish this argument from Respondent's exhaustion argument and therefore does not address it separately.

motion is denied by the trial court including direct appeal of his convictions and collateral review through state habeas petitions.  (Resp't's Br. 5.)  Petitioner responds by arguing that he should be excused from failing to exhaust because of an "unreasonable" delay in ruling on his motion for new trial "without justification[.]"[5]  (Pet'r's Reply Br. "Part 3" at 3, ECF No. 38.)

"Federal courts sitting in habeas are not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings." *Williams v. Taylor*, 529 U.S. 420, 437 (2000).  Accordingly, 28 U.S.C. § 2254(b)(1)(A) prohibits a court from granting an application for a writ of habeas corpus unless "the applicant has exhausted the remedies available in the courts of the State."  *See also Trevino v. Thaler*, - - U.S. --, 133 S. Ct. 1911, 1922 (2013) ("[A] state prisoner [who] fails to exhaust state remedies . . . [or] has failed to meet the State's procedural requirements for presenting his federal claims will not be entitled to federal habeas relief unless he can show 'cause' to excuse his default.") (internal quotation marks and citation omitted) (alterations in original); *Holland v. Florida*, 560 U.S. 631, 130 S. Ct. 2549, 2562 (2010) ("A petitioner cannot bring a federal habeas claim without first exhausting state remedies[.]").  "A

---

[5]     Petitioner initially contends that the motion should be stricken from the record as untimely filed.  Petitioner argues that the Court's Order dated June 19, 2013 (ECF No. 7) required Respondents to file their response within sixty days, or according to Petitioner's calculations, by August 19, 2013.  (Pet.'s Reply Br. "Part 2" at 1, ECF No. 37.)  The record does not support Petitioner's contention, however.  The Court's June 19th Order required a response "within sixty (60) days <u>after service of this order</u>[.]"  (Order at 2, ECF No. 7) (emphasis added).  The record does not reflect the date that service was perfected upon Respondent, but it is certainly reasonable for the Court to conclude that Respondents were not served with the Order until June 26, 2013 or later, which would make the filing of their Motion to Dismiss timely.  Therefore, Petitioner's contention that the motion must be denied is rejected and the Court will consider the motion and Petitioner's responses.

petitioner cannot satisfy the exhaustion requirement if . . . he has failed to avail himself of any available procedure by which he has the right to raise his claim in state court." *Gore v. Crews*, 720 F.3d 811, 815 (11th Cir. 2013) (internal quotation marks and citation omitted). "If a petitioner fails to exhaust his state remedies, a district court must dismiss the petition without prejudice to allow for such exhaustion." *Id.* (citations omitted).

It is undisputed that the grounds asserted by Petitioner in his federal habeas petition have not been ruled upon by any state court. Petitioner urges the court, however, to excuse the lack of exhaustion because the delay in ruling on the new trial motion "is unreasonable, inordinate, excessive, and without explanation[.]"   (Pet.'s Reply Br. "Part 2" at 5.)  Upon similar arguments from a petitioner, the Eleventh Circuit has previously held that, "[s]tate remedies will be found ineffective and a federal habeas petitioner will be excused from exhausting them in the case of unreasonable, unexplained state delays in acting on the petitioner's motion for state relief." *Cook v. Fla. Parole and Prob. Comm'n*, 749 F.2d 678, 680 (11th Cir. 1985) (per curiam).  However, such situations are very rare. *See e.g. Hughes v. Stafford*, 780 F.2d 1580, 1581-82 (11th Cir. 1986) (per curiam) (refusing to waive exhaustion despite eight year delay); *Brown v. Walker,* 2010 WL 3516820, at *1 (dismissing state prisoner's federal habeas petition despite state court's failure to rule on state habeas petition pending for nearly four years).

Petitioner has not shown that this situation mandates exhaustion be excused. Although his new trial motion was initially filed in August 2010, Petitioner has filed amendments to that motion periodically since that original motion. (*See* Resp't's Ex. 1 at 8-31.)  On April 18, 2013, Petitioner, through counsel, filed another amended motion for

4

new trial.  (*Id*. at 9-23.)  These amendments can delay the resolution of a pending motion and Petitioner has further delayed that resolution by filing a discretionary appeal of another motion in his case to the Georgia Court of Appeals.  (Resp't's Br. 2.)  Petitioner has not shown that the delays in resolving his new trial motion are the fault of anything but his own actions.  Therefore, he is not entitled to be excused for his failure to exhaust his administrative remedies.

Consequently, as it is undisputed that Petitioner has not exhausted his available state remedies as required, and the Court finds that he is not entitled to be excused from that failure, it is recommended that Respondents' motion to dismiss be granted and Petitioner's application for a writ of habeas corpus be dismissed to allow Petitioner to exhaust his state remedies.

## II.   Certificate of Appealability

Rule 11(a) of Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  A certificate of appealability may issue only if the applicant makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a court denies a habeas petition on procedural grounds without reaching the merits of the petitioner's application for habeas relief, this standard requires a petitioner to demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).  Petitioner cannot

meet this standard and, therefore, a certificate of appealability in this case should be denied.

## III.    Miscellaneous Motions

Petitioner currently has pending a number of miscellaneous motions.  (ECF Nos. 10, 11, 12, 24, 26, 27, & 48.)  Because the Court determines that his Petition should be dismissed, these motions are now moot and should be dismissed as such.

## CONCLUSION

WHEREFORE IT IS RECOMMENDED that Respondent's Motion to Dismiss (ECF No. 30) be GRANTED, and Petitioner's application for a writ of habeas corpus be DISMISSED without prejudice.  IT IS FURTHER RECOMMENDED that Petitioner's Miscellaneous Motions (ECF Nos. 10, 11, 12, 24, 26, 27, & 48) be DENIED as moot. Pursuant to 28 U.S.C. § 636(b)(1), the Petitioner may serve and file written objections to this recommendation with the United States District Judge within fourteen (14) days after being served a copy of this recommendation.

SO RECOMMENDED, this 11th day of February, 2014.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE