IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| WILLIE FRANK WRIGHT, JR., ) <br> ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> GEORGORY MCLAUGHLIN, Warden, ) <br> ) <br> Respondent. ) <br> ) | CIVIL ACTION NO. 5:13-CV-209 (MTT) |

## ORDER

Before the Court is Magistrate Judge Stephen Hyles's Recommendation (Doc. 52) on the Respondent's motion to dismiss the Petitioner's application for writ of habeas corpus (Doc. 30). The Magistrate Judge recommends granting the Respondent's motion and dismissing the petition for failure to exhaust state court remedies. The Magistrate Judge further recommends denying a certificate of appealability. The Petitioner has objected to the Recommendation. (Doc. 53). The Court has reviewed the objection and has made a de novo determination of the portions of the Recommendation to which the Petitioner objects.

The Petitioner contends that the state court has unreasonably delayed in ruling on his pending motion for new trial and that he is not responsible for the delay. Thus, the Petitioner argues the Magistrate Judge erred in finding he failed to exhaust his state court remedies.[1] Pursuant to 28 U.S.C. § 2254(b)(1), a petition for writ of habeas

---

[1] The Petitioner's objections that the Magistrate Judge should not have waited to rule on his pending motions and that the motion to dismiss should not have been considered because it was filed a week after the court-imposed deadline do not have any bearing on the outcome of the case. The Court agrees with the Magistrate Judge that these pending motions are now moot.

corpus based on a state court conviction shall not be granted unless the petitioner has exhausted his available remedies in state court, there is an absence of available remedies, or "circumstances exist that render such process ineffective to protect the rights of the applicant." The Court agrees with the Recommendation that the Petitioner has not shown the state court's "delay" in ruling on his motion for new trial renders the state process "ineffective" so as to excuse the exhaustion requirement.

The Petitioner, who represented himself at trial, filed his motion for new trial on August 19, 2010. (Doc. 31-1 at 7). He filed an amended motion for new trial on January 25, 2011. *Id.* at 8. Although not entirely clear from the record, he apparently moved to recuse the presiding judge and was granted leave to pursue a discretionary appeal of that ruling on April 19, 2012. (Doc. 31-2 at 1). That appeal remains pending. In the meantime, the Petitioner obtained counsel who filed an amended motion for new trial on April 13, 2013. (Doc. 31-1 at 9). In a brief in support of that motion, Petitioner's counsel stated that a hearing had been held on the Petitioner's initial motion for new trial on November 18, 2011. *Id.* at 14. Petitioner's counsel also stated that the Petitioner had "terminated the assistance of appellate counsel. . . ." *Id.* In short, the Petitioner, both with and without counsel, is actively pursuing relief in state court. There is no basis for the Court to find that he has exhausted his available state court remedies.

The Court has reviewed the Recommendation and the Petitioner's objections, and the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge. The Recommendation is **ADOPTED** and made the order of this Court. Accordingly, the Respondent's motion to dismiss (Doc. 30) is **GRANTED**, and

the petition is **DISMISSED without prejudice**.  Because the Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability is **DENIED**.[2]

    **SO ORDERED**, this the 19th day of March, 2014.

                                        S/ Marc T. Treadwell
                                      MARC T. TREADWELL, JUDGE
                                      UNITED STATES DISTRICT COURT

---

[2] The Petitioner's pending motions (Docs. 10; 11; 12; 24; 26; 27; 48) are **DENIED as moot**.